**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID I. BYRNES,**

                **Plaintiff,**               3:12-cv-1598
                                                    (GLS/DEP)

                v.

**CORRECTIONS OFFICER**
**JEFFREY ANGEVINE,**

                **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Hinman, Howard Law Firm              DAWN J. LANOUETTE, ESQ.
P.O. Box 5250
80 Exchange Street
700 Security Mutual Building
Binghamton, NY 13902-5250

**FOR THE DEFENDANT:**
Jeffrey Angevine
Pro Se
655 Colesville Road
Binghamton, NY 13904

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff David I. Byrnes commenced this action against defendant

*pro se* Jeffrey Angevine pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No.

1.) Byrnes' complaint alleges that he was assaulted by Angevine while incarcerated in the Broome County "Sheriff's Office Public Safety Facility." (*Id.* ¶¶ 5, 7-8.) After Angevine failed to answer, despite being served copies of the summons and complaint, (Dkt. No. 9), default was entered against him, (Dkt. No. 13). Subsequently, Byrnes' motion for default judgment against Angevine was granted, (Dkt. No. 15), and Byrnes' request for an inquest hearing as to damages was referred to Magistrate Judge David E. Peebles, (Dkt. Nos. 29, 30). After conducting an inquest, in a Report and Recommendation (R&R) dated September 26, 2014, Judge Peebles recommended awards of compensatory and punitive damages in the amounts of $10,000 and $15,000, respectively.[1] (Dkt. No. 42.) Pending are Byrnes' amended objections to the R&R. (Dkt. No. 50.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Background

In October 2011, Byrnes was an inmate housed at the Broome County Jail pending his trial for assault of a corrections officer.[2] (Compl.

---

[1] Subsequently, Judge Peebles ordered Byrnes to file a motion for attorneys' fees within thirty days from this court's decision on Byrnes' objections to the R&R. (Dkt. No. 48.)

[2] Byrnes was ultimately acquitted at that trial. (Compl. ¶ 6.)

¶ 5; IH:[3] 8-10.) On October 26, 2011, while waiting in the intake area of the Broome County Jail in preparation for transportation to the courthouse, Byrnes was asked by Angevine to remove his jacket.[4] (Compl. ¶ 7; IH: 10.) Byrnes refused and asked to see a sergeant. (IH: 10-11.) Byrnes' jacket was forcibly removed, and he was instructed to stand face-first against a post. (Pl.'s Ex. 1[5] at 9:31:15-9:31:35, Dkt. No. 41.) After approximately five other officers responded to the scene and surrounded Byrnes, Angevine placed Byrnes in a chokehold from behind and dragged him to the ground. (Pl.'s Ex. 1 at 9:32:02-9:32:20; IH: 10, 18; Compl. ¶¶ 8-9.) While Byrnes was lying on the ground, Angevine kicked Byrnes two times on the side of his body. (Pl.'s Ex. 1 at 9:32:36; IH: 10-11, 19.) Thereafter, Byrnes was placed in restraints, brought to his feet, and taken to court. (Pl's Ex. 1 at 9:32:56-9:36:15; IH: 12.) As a result of this

---

[3] Page references preceded by "IH:" refer to the transcript of the August 8, 2014 inquest hearing. (Dkt. No. 49.)

[4] Byrnes' complaint alleges that the incident complained of took place on or about October 25, 2011. (Compl ¶ 7.) However, video footage from the Broome County Jail and Byrnes' testimony at the inquest hearing establish that the incident took place on October 26, 2011. (IH: 4-5, 10.)

[5] Plaintiff's Exhibit 1 is a DVD depicting the events of October 26, 2011 at the Broome County Jail, offered and admitted at the August 8, 2014 inquest hearing. (Dkt. No. 41.)

incident, Byrnes sustained swelling to the head and bruising to his lower lip, ribs, and back. (IH: 13.) He did not receive treatment for his injuries until after court concluded for the day. (IH: 12.) Byrnes also testified that, as a result of this incident, he suffers residual physical injuries, namely, arthritis in his neck and back, and lasting mental anguish, including a fear of authority figures, poor sleep, and nightmares. (IH: 14-16.)

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). It is not required, however, that the court conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). Rather, "[i]t is sufficient that the . . . court 'arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made.'" *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). In

those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See Almonte*, 2006 WL 149049, at *4-5.

## IV. Discussion

### A. Compensatory Damages

In the R&R, Judge Peebles recommended that Byrnes be awarded $10,000 in compensatory damages, in part, because he suffered no out-of-pocket loss as a result of the incident, failed to present any objective medical documentation to support his claims of residual physical injuries, and acknowledged suffering from pre-existing mental conditions, including depression and a personality disorder. (Dkt. No. 42 at 10-17.) Byrnes specifically objects that such an award is inadequate to compensate him for the injury he suffered, arguing that, in cases involving similar conduct and resultant injuries, plaintiffs have been awarded between $20,000 and $250,000 in compensatory damages.[6] (Dkt. No. 50 at 4-6.) Further,

---

[6] While Byrnes raised this argument before Judge Peebles, (Dkt. No. 40 at 4-6), he now argues that higher compensatory damages were awarded in the cases relied on by Judge Peebles in the R&R. (Dkt. No. 50 at 5-6.) Thus, the court construes this as a specific objection, and

Byrnes contends that Judge Peebles impermissibly required expert testimony to establish Byrnes' damages for mental anguish. (*Id.* at 3.) Because these are specific objections, the court reviews them *de novo*. *See Almonte*, 2006 WL 149049, at *3, *5.

Damages are properly awarded for violations of constitutional rights when the plaintiff has suffered an actual loss as a result of such violations. *See Henry v. Gross*, 803 F.2d 757, 768 (2d Cir. 1986). The purpose of ordering the payment of damages is "to compensate persons for injuries caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254 (1978). "Unlike pecuniary losses, [pain and suffering and emotional distress] damages are, by their nature, not susceptible to mathematical computation. Consequently, the law does not provide a precise formula by which pain and suffering and emotional distress may be properly measured and reduced to monetary value." *Mathie v. Fries*, 935 F. Supp. 1284, 1304-05 (E.D.N.Y. 1996), *aff'd* 121 F.3d 808 (2d Cir. 1997); *see Sulkowska v. City of N.Y.*, 129 F. Supp. 2d 274, 308 (S.D.N.Y. 2001). However, guidance may be found by referring to analogous cases involving similar injuries. *See Ismail v. Cohen*, 899 F.2d 183, 186 (2d Cir.

---

considers this argument *de novo*. *See Almonte*, 2006 WL 149049, at *3, *5.

1990) (citing *Zarcone v. Perry*, 572 F.2d 52, 54-55 (2d Cir. 1978)); *Mathie*, 935 F. Supp. at 1305.

Here, having reviewed Byrnes' submission, the transcript of the inquest hearing, and the video recording of the October 26, 2011 incident *de novo*, the court finds nothing that suggests a conclusion that differs from that contained in Judge Peebles' well-reasoned R&R. Byrnes testified that, as a result of this incident, he suffered bruising, soreness, and several weeks of labored breathing. (IH: 13.) He experienced neck and back pain, and was diagnosed with arthritis. (IH: 14.) However, his doctors cannot confirm that his arthritis was caused by the trauma of the incident. (IH: 19-20, 26-27.) Further, he testified that he was affected emotionally by the incident and is now afraid of authority figures and, consequently, to go out in public alone. (IH: 15.) He also suffers nightmares. (IH: 16.) Byrnes presented no evidence of out-of pocket costs as a result of the incident, and could not recall receiving any mental health treatment since it occurred. (IH: 16.) He was diagnosed with depression and "anti-social, borderline personality disorder" prior to the incident. (IH: 21.)

After reviewing relevant case law, it is clear that an award of $10,000

is consistent with compensatory damages awards in cases involving similar injuries. *See, e.g.*, *Medina v. Donaldson*, No. 10 Civ. 5922, 2014 WL 1010951, at *1-2 (E.D.N.Y. Mar. 14, 2014) (upholding a jury award of compensatory damages in the amount of $5,000 and punitive damages in the amount of $16,000, where a police officer used excessive force by punching plaintiff while he was handcuffed and sitting in the back of a police car causing physical and emotional injury, including a gash and bruising to his right eye, dizziness that lasted for two to three weeks, pain requiring painkiller medication for three to four months, a worsening of his pre-existing post-traumatic stress disorder, and nightmares); *Zhiwen Chen v. County of Suffolk,* 927 F. Supp. 2d 58, 60, 67-68 (E.D.N.Y. 2013) (denying motion for a new trial where jury awarded plaintiff $20,000 in compensatory damages for incident where officers repeatedly punched and kicked plaintiff after she was handcuffed, causing no fractures, but leaving abrasions on her face, arm, leg, wrists, and hands, bruises on her upper arms and knees, and pain that lasted for weeks); *Romaine v. Rawson*, 140 F. Supp. 2d 204, 214 (N.D.N.Y. 2001) (awarding prison inmate $1,000 for physical injuries and pain and suffering and $500 for punitive damages, where he was physically struck across the left side of

his face three times by corrections officer). Therefore, the court adopts Judge Peebles' recommendation that Byrnes be awarded $10,000 in compensatory damages.

B. **Punitive Damages**

Turning to punitive damages, Judge Peebles recommended that, because the reprehensibility of Angevine's conduct was significant, Byrnes be awarded $15,000. (Dkt. No. 42 at 17-18.) Byrnes objects to this recommendation, arguing that Judge Peebles did not adequately weigh the degree of reprehensibility, and failed to consider that Angevine's conduct was intended to intimidate Byrnes from filing complaints about his treatment in Broome County Jail. (Dkt. No. 50 at 6-9.) According to Byrnes, an award in the range of $75,000 to $125,000 is appropriate for punitive damages here. (*Id.* at 9.) Again, this is a specific objection, which the court reviews *de novo*. See *Almonte*, 2006 WL 149049, at *3, *5.

"Punitive damages may be awarded for violations of federal law where a defendant acts with 'reckless or callous disregard for the plaintiff's rights, [and] intentional[ly] violat[es] federal law.'" *Ragin v. Harry Macklowe Real Estate Co.*, 6 F.3d 898, 909 (2d Cir. 1993) (quoting *Smith v. Wade*, 461 U.S. 30, 51 (1983)). The plaintiff must show that the

defendant acted "wantonly . . . or was motivated by ill will or malice." *Lazaratos v. Ruiz*, No. 00 Civ. 2221, 2003 WL 22283832, at *7 (S.D.N.Y. Sept. 30, 2003). Notably, "[a]wards of punitive damages are by nature speculative, arbitrary approximations. No objective standard exists that justifies the award of one amount, as opposed to another, to punish a tortfeasor appropriately for his misconduct. Nor is there any formula to determine the dollar amount needed to effectuate deterrence." *Payne v. Jones*, 711 F.3d 85, 93 (2d Cir. 2013) (citing *Mathias v. Accor Econ. Lodging, Inc.*, 347 F.3d 672, 678 (7th Cir. 2003) ("[I]t is inevitable that the specific amount of punitive damages awarded whether by a judge or by a jury will be arbitrary.")). The court has an obligation, however, to ensure that awards for punitive damages are "fair, reasonable, predictable, and proportionate." *Id.*

Again, having reviewed the evidence of record *de novo*, the court finds no grounds for rejecting Judge Peebles' conclusion that a 1:1.5 ratio of compensatory damages to punitive damages is reasonable here. (Dkt. No. 42 at 17-18.) There is no doubt that Angevine's conduct was reprehensible and justifies the imposition of punitive damages. *See DiSorbo v. Hoy*, 343 F.3d 172, 186 (2d Cir. 2003) (explaining that, when

assessing the degree of reprehensibility, a court must consider: "1) whether a defendant's conduct was violent or presented a threat of violence; 2) whether a defendant acted with malice as opposed to mere negligence; and 3) whether a defendant has engaged in repeated instances of misconduct" (citing *BMW of North America v. Gore*, 517 U.S. 559, 576 (1996))). After reviewing punitive damages awards in comparable cases, the court adopts Judge Peebles' recommendation that Byrnes be awarded $15,000 in punitive damages. *See, e.g.*, *Medina*, 2014 WL 1010951, at *1-2; *Romaine*, 140 F. Supp. 2d at 214.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate David E. Peebles' September 26, 2014 Report and Recommendation (Dkt. No. 42) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Clerk enter judgment in favor of Byrnes and against Angevine in the amount of $25,000, representing $10,000 in compensatory damages and $15,000 in punitive damages; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

June 17, 2015
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court